IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:99cr124-01

EDWIN PEREZ

**MEMORANDUM OPINION**

This matter is before the Court on the defendant's *pro se* MOTION TO REDUCE DEFENDANT SENTENCE PURSUANT TO 18 U.S.C. § 3582(c) (ECF No. 163), the DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No.170), the RESPONSE OF THE UNITED STATES TO DEFENDANT'S MOTION FOR MOEDIFICATION OF SENTENCE UNDER THE FIRST STEP ACT OF 2018 (ECF No. 171), and the DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S FIRST STEP ACT MOTION (ECF No. 174). For the reasons set forth below, the defendant's *pro se* MOTION TO REDUCE DEFENDANT SENTENCE PURSUANT TO 18 U.S.C. § 3582(c) (ECF No. 163) and the DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 (ECF No.170) will be denied.

**BACKGROUND**

In September 1999, Edwin Perez was tried by a jury and convicted of one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21

U.S.C. § 846 and of one count of possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a). The United States timely filed a Notice pursuant to 21 U.S.C. § 851 which provides for an enhanced penalty by virtue of a previous drug offense conviction. The drug weight attributed in the Presentence Report to Perez was 576.25 grams of cocaine base. The guidelines calculation provided for an offense level of 36, a criminal history category of IV, and a guideline rage of 262 to 327 months imprisonment.[1]

By virtue of the First Step Act and the Fair Sentencing Act, the current maximum penalty for the offenses of conviction is 40 years. The offense level is 30 and the criminal history category is IV, with a mandatory minimum of 10 years of imprisonment and the guideline range of 135 to 168 months of imprisonment.

The record shows that Perez has long been involved in the possession and distribution of controlled substances, having been convicted of possession of controlled substances in 1995 and of distribution of controlled substances in 1996. Perez was released from the Virginia Department of Corrections on June 10, 1997. Shortly thereafter, Perez undertook the conduct which resulted in the convictions in this case which continued into the middle of 1999.

---

[1] Perez received no credit for acceptance of responsibility because he had gone to trial.

The record shows that, while in prison, Perez has taken a considerable number of courses intended to better himself. The record also shows that a he has committed a number of violations of the Bureau of Prisons' rules and regulations, numbering approximately 30. Those infractions include possessing a dangerous weapon and fighting with another person on two occasions; assaulting others with and without injury resulting; and threatening bodily harm. (ECF No. 171-2). The most serious of his misconduct in prison was assaulting a federal corrections employee of which he was convicted and sentenced to 84 months in prison to run consecutively with the sentence currently under review (ECF No. 171-3).

**DISCUSSION**

Counsel for the United States and Perez agree that Perez is eligible for modification of sentence under the First Step Act. And, the Court agrees.

The important issue in this case is whether to grant a modification. That decision involves the exercise of discretion as informed by the record and the motion, and the papers supporting and opposing the motion, and the defendant's record following his conviction.

The record establishes that Perez has taken 19 adult continuing education programs and seven release preparation programs. He has earned his GED and completed five wellness

3

programs. He recently has been put into the ADX Step-down program as well. The latter development reflects that his more recent conduct in prison has not been contentious and violent as earlier conduct while in prison.

Nevertheless, the record in this case establishes beyond serious question that Perez is a danger to society. He began participation in the drug trade when he was 20. He received a lenient sentence. He has a conviction for assault. He began the offense conduct in this case very shortly after being released from prison on the drug conviction in state court for which he was accorded leniency. The nature and extent of the conspiracy here was significant and, although Perez did not receive a role adjustment, the record establishes that his role in it was an important one.

The record of violent and disruptive and disobedient behavior while in prison is greater than the Court has ever seen. The violations of the Bureau of Prisons' rules are many in number. His violations span much of the period that Perez has been in confinement. The history includes significant and numerous acts of violence. The laudable efforts that Perez has made to re-enter society while in prison does not overcome the fact that he is a dangerous person and that the sentence imposed in this case remains appropriate to protect the public, to promote in him respect for

the law, and to deter Perez when he is released from prison in 2025.

**CONCLUSION**

For the foregoing reasons, the defendant's *pro se* MOTION TO REDUCE DEFENDANT SENTENCE PURSUANT TO 18 U.S.C. § 3582(c) (ECF No. 163) and the DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUSANT TO THE FIRST STEP ACT OF 2018 (ECF No. 170) will be denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 4, 2019